UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALISON PALMER, *et al.*, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 76-1439 (HHK) |
| HILLARY RODHAM CLINTON, | ) | |
| Defendant. | ) | |
| MARGUERITE COOPER, *et al.*, | ) | |
| Plaintiffs, | ) | Civil Action No. 77-2006 (HHK) |
| v. | ) | |
| HILLARY RODHAM CLINTON, | ) | |
| Defendant. | ) | |

**JOINT STIPULATION OF FINAL SETTLEMENT AND DISMISSAL**

Plaintiffs, by and through their attorneys, and defendant, by and through her attorneys, hereby stipulate and agree as follows in order to effect a full and final settlement and compromise of all matters raised or that could have been raised in this action, and any and all claims made prior to the dismissal of this action pursuant to this Stipulation. Subject to the terms and conditions set forth in this Stipulation of Settlement and Dismissal, plaintiffs' claims against defendant in this class action shall be dismissed with prejudice subject to the approval of the Court.

## A. BACKGROUND

Plaintiffs brought this action in 1976 on behalf of a class of women Foreign Service Officers ("FSOs") and women applicants to become FSOs, against the defendant Secretary of State, in her official capacity as head of the Department of State. Plaintiffs alleged that defendant discriminated against women both in their opportunities for hire as FSOs and in their employment opportunities once hired, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq. A summary of the history of this action can be found in the Global Consent Decree filed with the Court on November 13, 1995 (Docket No. 345).[1] All of plaintiffs' claims have now been litigated before this Court or fully and finally settled as agreed and stipulated below.

## II. GENERAL PROVISIONS

1. This Stipulation has been entered into by the parties solely for the purposes of compromising disputed claims without further protracted legal proceedings and avoiding the expenses and risks of further litigation. Therefore, this Stipulation is not intended and shall not be deemed an admission by either party of the merit or lack of merit of the opposing party's claims and defenses. Nothing in this Stipulation shall affect any rights or claims that may arise after the date plaintiffs sign this Stipulation.

2. This Stipulation shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

[1]The docket numbers used herein are those document numbers associated with this action on the Civil Docket for Case No. 76-1439.

3. The parties agree that this Stipulation will not be used as evidence or otherwise in any other pending or future civil or administrative action against defendant or any department, agency or instrumentality of the United States.

4. Execution of this Stipulation by plaintiffs and by defendant shall constitute a dismissal of this action with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), except that the Court shall retain jurisdiction of this matter for purposes of ensuring compliance with this Stipulation.

5. The Parties participated in, or had the opportunity to participate in, drafting this Stipulation and agree that the terms expressly recited herein represent the entire Stipulation of Settlement and Dismissal. There are no terms or conditions to this Stipulation except those expressly stated herein. This Stipulation may not be altered, modified, withdrawn, waived, rescinded or supplemented except by written instrument executed by duly authorized representatives of both parties.

## III. TERMINATION OF GLOBAL CONSENT DECREE REQUIREMENTS

On February 12, 1996, this Court gave approval to a Global Consent Decree (hereafter "Global Consent Decree") (Docket No. 360) which the Parties agreed to and entered into in the interests of avoiding the expense, delay and inconvenience of further litigation regarding the 1990 Consent Decree and in the interests of aggregating all active provisions of the Consent Decrees then in effect, except the Consent Decree Regarding 1985, 1986 and 1987 Written Foreign Service Examinations dated September 18, 1995 ("1985-1987 Exam Consent Decree") (Docket No. 337) and the Consent Decree for Individual Relief dated January 29, 1996 (Docket No. 355), into one cohesive Global Consent Decree. The implementation of the relief under the

1985-1987 Exam Consent Decree has been completed and the relief summary chart was filed under seal on September 8, 2000 (Docket No. 531); the Consent Decree for Individual Relief terminated automatically and without further action of the parties upon the fulfillment of certain actions pursuant to paragraph VII(A) of that Consent Decree.

Paragraph VIII of the Global Consent Decree sets forth the requirements for its own termination. The parties agree that the requirements for termination of the Global Consent Decree have been met as explained below:

A. The injunction and reporting requirements set forth in the 1990 Consent Decree regarding program direction and out-of-cone to the consular cone assignments terminated automatically upon the effective date of the Global Consent Decree.

B. The injunction and reporting requirements regarding initial cone assignments (paragraph VI.A.1.b of the Global Consent Decree) terminated automatically on October 31, 1997.

C. The injunction and reporting requirements regarding stretch and DCM assignments (paragraph VI. A.1.a of the Global Consent Decree) terminated automatically on October 31, 1997.

D. The injunction and reporting requirements regarding promotions (paragraph VI.A.3 of the Global Consent Decree), including the provision regarding individual relief, terminated automatically on October 31, 1997.

E. Termination of the injunction and reporting requirements regarding the Foreign Service Examination (paragraph VI.A.1.d of the Global Consent Decree) is addressed in section IV below.

F. Defendant moved for termination of the injunction, prospective relief and reporting requirements regarding Superior Honor Awards (paragraph VI.1.c. of the Global Consent Decree) on March 17, 1999 (Docket No. 492). Defendant's motion was granted and the injunction, prospective relief and reporting requirements regarding Superior Honor Awards terminated on April 12, 1999 (Docket No. 495).

G. Defendant issued a new performance evaluation form as a result of the procedure in paragraphs IV.D.5-17 of the Global Consent Decree, and moved for termination of the injunction and reporting requirements regarding potential ratings in performance appraisals on December 22, 2000 (Docket No. 542). Defendant's motion was granted and the requirements regarding potential ratings in performance appraisals terminated on January 11, 2001 (Docket No. 544).

H. The provisions of the Global Consent Decree pertaining to reporting requirements for diversity training (paragraph VI.A.2 of the Global Consent Decree) terminated automatically three years from the effective date of the Decree.

I. The provisions of the Global Consent Decree pertaining to the Council for Equality in the Workplace (paragraph IV.B of the Global Consent Decree) terminated automatically two years from the effective date of the Decree.

## IV. FOREIGN SERVICE WRITTEN EXAMINATION

Pursuant to paragraphs II.C.4 and II.C.7 of the Global Consent Decree, claims of discrimination concerning the Foreign Service Written Examinations (hereafter "FSWE") beginning in 1991 and discrimination of any kind after December 31, 1994 were expressly excluded from settlement. Further, pursuant to paragraph IV.A. of the Global Consent Decree,

defendant was enjoined from engaging in any act or practice having the purpose or effect of discriminating against any female applicant for a junior level Foreign Service career candidate position, including written examinations or other selection procedures.

**1991-1994 Foreign Service Written Examinations.**

Plaintiffs alleged that the 1991-1994 FSWEs discriminated against women. In a Memorandum Opinion dated September 14, 1999, the Court denied the parties' cross-motions for summary judgment on this issue and directed that the matter be the subject of a bench trial (Docket No. 500). The parties thereafter settled the matter, and on September 19, 2002, this Court gave final approval to the Consent Decree Regarding the 1991, 1992, 1993, and 1994 Foreign Service Written Examinations (hereafter the "2002 Consent Decree") (Docket No. 562). The 2002 Consent Decree provided 390 class members the opportunity to participate in the Oral Assessment phase of the Foreign Service application process. Those class members who were interested in taking the Oral Assessment have done so. The 2002 Consent Decree designated the class members who are appointed to the Foreign Service as the "appointee sub-class" and provided for the determination of their entry-level salary. Pursuant to section VI.B of the 2002 Consent Decree, the parties agreed that they would negotiate as to what additional relief the appointee sub-class members would receive under the 2002 Consent Decree.

Eleven (11) class members were appointed to the Foreign Service as a result of the 2002 Consent Decree. They constitute the "appointee sub-class members." The 2002 Consent Decree was extended by Joint Stipulation approved and Ordered by the Court on February 29, 2008 (Docket No. 669). The parties subsequently reached agreement as to relief for all 11 of the sub-class members under the 2002 Consent Decree and filed a Stipulation Regarding Additional

Relief for Appointee Sub-Class Members under the 2002 Consent Decree on October 27, 2008 ("Stipulation Regarding Additional Relief") (Docket No. 674). On January 22, 2009, the Court conducted a Fairness Hearing with regard to the Stipulation Regarding Additional Relief for Appointee Sub-Class Members under the 2002 Consent Decree. The Court approved the Stipulation Regarding Additional Relief on that date (Docket No. 679).

Defendant has provided all of the relief set forth in the Stipulation Regarding Additional Relief that can be provided to the appointee sub-class members at this time, and has reported to plaintiffs' counsel on the implementation of the relief pursuant to paragraph 7 of the Stipulation Regarding Additional Relief. In summary, all back pay and interest due to the appointee sub-class members has been paid pursuant to the Stipulation Regarding Additional Relief. Retirement coverage under the Foreign Service Pension System (FSPS) has been provided to all appointee sub-class members who made the employee retirement contributions and a Memorandum setting forth each appointee sub-class member's specific retirement relief has been placed in the retirement file of each appointee sub-class member. Defendant reaffirms her agreement set forth in the Stipulation Regarding Additional Relief that the period between each appointee sub-class member's assumed entry on duty date and actual entry on duty date shall count as creditable service for purposes of determining eligibility for and creditable service for retirement benefits under the FSPS. Finally, the step 14 and annual leave accrual adjustments for those appointee sub-class members who have been promoted to class FO-03 have been made. As noted in Defendant's last report to Plaintiffs' counsel dated November 24, 2009, provided pursuant to the Stipulation Regarding Additional Relief, one appointee sub-class member has not yet been promoted to class FO-03 as of this date. Defendant reaffirms her agreement set forth in

the Stipulation Regarding Additional Relief that appointee sub-class members who are promoted to class FO-03 through the normal promotion process for Foreign Service generalists will be placed at step 14 at the time of promotion to class FO-03 and will accrue annual leave at the rate of 8 hours for each pay period if the appointee sub-class member is not otherwise accruing annual leave at that rate. The parties agree, to the extent any relief may be outstanding, to cooperate fully to implement and effectuate such relief pursuant to the Stipulation Regarding Additional Relief. The parties retain the right to seek whatever relief the law permits to remedy any breach of the terms of the Stipulation Regarding Additional Relief following the dispute resolution process described in section VIII of the 2002 Consent Decree.

**Post-1994 Foreign Service Written Examinations.**

On January 23, 2004, pursuant to paragraph VIII.E of the Global Consent Decree, defendant moved for termination of the injunction and reporting requirements regarding the Foreign Service Written Examination on the grounds that the defendant was in full compliance with all of the provisions of the Global Consent Decree that relate to the Foreign Service examination (paragraph VI.A.1.d. of the GCD) (Docket No. 582). On May 21, 2004, plaintiffs filed a Motion for Discovery Pursuant to Rule 56(f) and to Stay the Time for Responding to Defendant's Motion to Terminate the Requirements in the 1996 Global Consent Decree Regarding the Foreign Service Written Examination Until Discovery Is Complete (Docket No. 591). On September 9, 2005, this Court issued a Memorandum Opinion and Order granting Plaintiffs' Motion for Discovery Pursuant to Rule 56(f) and to Stay the Time for Responding to Defendant's Motion to Terminate the Requirements in the 1996 Global Consent Decree Regarding the Foreign Service Written Examination Until Discovery Is Complete (Docket No. 654).

Defendant has provided the information and documents requested by plaintiffs regarding the post-1994 FSWEs and the discovery has been completed. In addition, Plaintiffs requested and have reviewed information and documents concerning Defendant's "Total Candidate" application process commenced in 2007, including the results of the FSWEs administered in 2007 and 2008. Plaintiffs do not oppose Defendant's Motion to Terminate the Requirements in the 1996 Global Consent Decree Regarding the Foreign Service Written Examinations that have been in use since 1994 (Docket No. 582). Upon approval of this Joint Stipulation of Final Settlement and Dismissal, Defendant's Motion at Docket No. 582 is granted.

## V. ATTORNEYS' FEES AND COSTS

On June 27, 2007, this Court issued a Memorandum Opinion and Order concerning plaintiffs' Application for an Award of Interim Attorneys' Fees and Expenses for the period from February 1, 2002, to January 14, 2003, for Work Related to the 1991-1994 Written Foreign Service Examinations, filed May 23, 2003 (hereafter "plaintiffs' 2002-2003 Motion for Attorneys' Fees")(Docket No. 563), awarding attorneys' fees and expenses in the amount of $106,920.50. Defendant has paid those attorneys' fees and expenses. Pursuant to Rule 54 of the Federal Rules of Civil Procedure, plaintiffs were required to file a motion for attorneys' fees and expenses for their fees-on-fees relating to plaintiffs' 2002-2003 Motion for Attorneys' Fees within 14 days of the Court's Memorandum Opinion and Order. The parties filed a Consent Motion on July 11, 2007, requesting an extension of time for filing that motion because the parties were engaged in settlement negotiations as to the fees for litigating the fees relating to plaintiffs' 2002-2003 Motion for Attorneys' Fees and additional attorneys' fees for work after January 15, 2003, on the monitoring and enforcement of previous consent decrees, and on the

substantive issues in the case (Docket No. 665). On July 12, 2007, the Court entered a Consent Order extending the time for plaintiffs to file their motion for attorneys' fees and expenses for their fees-on-fees relating to plaintiffs' 2002-2003 Motion for Attorneys' Fees. (Docket No. 666). That Order also directed the parties to participate in negotiations concerning all outstanding legal issues, including both attorneys' fees and expenses and the merits, in an effort to reach a full settlement in this case and ordered the parties to file a joint stipulation concerning the negotiations, including a statement whether a full settlement has been reached and setting forth the parties' agreement on all issues on which they had come to agreement within 120 days from the filing of the Order, i.e., by November 9, 2007. The parties have filed several additional Consent Motions to extend the time in which to continue negotiations with the ultimate goal to file a joint stipulation regarding a full settlement and setting forth the parties' agreement (see Docket Nos. 668, 671, 672, 675, 680, 681, 683). The parties have reached a full settlement and defendant agrees to the following:

A. In full, complete and final satisfaction of any and all outstanding claims for attorneys' fees and costs in this action from September 15, 2003, to the present, defendant shall pay to Terris, Pravlik & Millian, counsel for plaintiffs, the total sum of Three Hundred Thirty-One Thousand, Fifty-One Dollars and Fifty-Seven Cents ($331,051.57).

B. Within fifteen (15) business days of approval of this Stipulation by the Court, defendant shall submit all appropriate documentation to the Department of Treasury to request payment of the sum stated in paragraph A above, and shall confirm such submission to plaintiffs' counsel by electronic mail.

C. The terms and substance of this Stipulation shall not be introduced in any other litigation as evidence of the hourly rates claimed by or paid to plaintiffs' counsel.

Respectfully Submitted,

BRUCE J. TERRIS, D.C. BAR #47126
ELISABETH LYONS, D.C. BAR #420504
Terris, Pravlik & Millian, LLP
1121 12th Street, N.W.
Washington, DC 20005
202-682-2100

*For Plaintiffs*

CHANNING D. PHILLIPS,
D.C. BAR #415793
Acting United States Attorney

RUDOLPH CONTRERAS,
D.C. BAR #434122
Assistant United States Attorney

BEVERLY M. RUSSELL,
D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the
District of Columbia, Civil Division
555 4th Street, N.W.
Washington, DC 20530
Ph: (202) 307-0492

*For Defendant*

SO ORDERED on this 18th day of December, 20 09

UNITED STATES DISTRICT JUDGE